IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KIRSTON JERMAINE DOWDELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 3:19-CV-671-WKW-KFP |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Kirston Jermaine Dowdell is before the Court with his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Doc. 1.[1] For the reasons discussed below, the Magistrate Judge RECOMMENDS that Dowdell's § 2255 Motion be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

**I.   BACKGROUND**

In October 2016, officers with the Opelika, Alabama Police Department arrested Dowdell after he admitted that he had placed hidden cameras in bathroom stalls at the Opelika High School football stadium and that he had also downloaded and watched child pornography on his laptop computer.[2] Electronic devices seized during a search of

---

[1] References to document numbers of the pleadings, motions, and other materials in the Court file in this § 2255 action, as assigned on the docket sheet by the Clerk of Court, are designated as "Doc." References to document numbers assigned by the Clerk in the underlying criminal case (Case No. 2:16-cr-554-WKW) are designated as "Crim. Doc." All pinpoint citations are to the pages of the electronically filed documents in the Court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

[2] The factual history is summarized from undisputed facts in the presentence investigation report ("PSR") without further citation. Doc. 10-1.

Dowdell's house were found to contain numerous images and videos of child pornography, and a search of Dowdell's computer revealed that he searched, received, downloaded, and possessed child pornography from the internet using his computer. In April 2017, Dowdell was indicted by a Lee County, Alabama grand jury on state charges of aggravated criminal surveillance and production and possession of obscene matter. Doc. 8-5 at 2–4.

In September 2017, a federal grand jury in the Middle District of Alabama returned a 28-count indictment charging Dowdell with 4 counts of production of child pornography, 22 counts of attempted production of child pornography, 1 count of receipt of child pornography, and 1 count of possession of child pornography. 28 U.S.C. §§ 2251(a); 2252A(a)(2), (a)(5)(B). Doc. 8-1. A federal detainer was lodged, and in October 2017, Dowdell, who was being held on the related state charges in the Lee County Jail, appeared before this Court for arraignment under a writ of habeas corpus ad prosequendum. Crim. Docs. 8–11, 14.

On January 5, 2018, Dowdell pled guilty in this Court to Counts 4 and 28 of the indictment, which charged him with production of child pornography in violation of 28 U.S.C. § 2251(a) and possession of child pornography in violation of 28 U.S.C. § 2252A(a)(5)(B), respectively. Doc. 8-3. In exchange for Dowdell's guilty plea, the government agreed to dismiss the remaining 26 counts. Doc. 8-2 at 5–6. The plea agreement contained a waiver provision in which Dowdell waived his right to appeal or collaterally attack his sentence except on grounds of ineffective assistance of counsel or prosecutorial misconduct. *Id*. at 6–7.

On October 11, 2018, the district court sentenced Dowdell to concurrent terms of 200 months in prison on each count. Doc. 8-6 at 110–14. Dowdell did not appeal. Dowdell was returned to state custody after his federal sentencing, and the judgment in the federal case was filed as a detainer. Crim. Doc. 89.

In February 2019, Dowdell pled guilty in the state court[3] to the state charges of aggravated criminal surveillance and production and possession of obscene matter. Doc. 8-5 at 5–13. The state court sentenced Dowdell to 15 years in prison, with Dowdell to receive credit for any time he served on his federal sentence. *Id*. at 5, 11–13.

On September 5, 2019, Dowdell, acting pro se, filed this § 2255 motion asserting the following claims:

> 1. His counsel was ineffective for failing to request at sentencing that the district court order his federal sentence to run concurrently with his anticipated state sentence.
>
> 2. Congress exceeded its Commerce Clause authority by regulating his intrastate production and possession of child pornography, and thus federal jurisdiction was improper in his case.
>
> 3. There was no proof of his knowledge of the interstate-commerce nexus of his conduct, which was a jurisdictional element of the offenses for which he was convicted.
>
> 4. The camera he used to produce images of child pornography did not give federal jurisdiction for the charges against him.
>
> 5. He had a constitutional right to possess obscene materials in the privacy of his home.

---

[3] The Circuit Court of Lee County, Alabama.

> 6. His federal convictions violated the constitutional prohibition against double jeopardy where he was also convicted of related state offenses.

Doc. 1 at 4–10.

## II. LEGAL STANDARD

The grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited. A prisoner may have relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. See 28 U.S.C. § 2255. *See also McKay v. United States*, 657 F.3d 1190, 1194, n.8 (11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). If a court determines a prisoner is entitled to § 2255 relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The petitioner, not the government, bears the burden to establish that vacatur of the conviction or sentence is required. *Beeman v. United States*, 871 F.3d 1215, 1221–22 (11th Cir. 2017).

### III. DISCUSSION

#### A. Counsel's Failure to Ask District Court to Run Federal Sentence Concurrently with Anticipated State Sentence

Dowdell claims his trial counsel was ineffective for failing to request at sentencing that the district court run his federal sentence concurrently with his anticipated state sentence. Doc. 1 at 4.

At the time of his federal sentencing in October 2018, Dowdell had been indicted on related state charges and was facing prosecution on those charges in state court. When imposing Dowdell's 200-month sentence for production and possession of child pornography, the district court did not state whether the sentence was to run concurrently with, or consecutively to, any anticipated state sentence. Indeed, the sentencing record is silent on the matter. *See* Doc. 8-6 at 110–14.

Title 18 U.S.C. § 3584(a) governs the circumstances in which a sentencing court should order multiple terms of imprisonment to run either consecutively or concurrently. District courts generally have the discretion to impose consecutive or concurrent sentences when a defendant receives multiple terms of imprisonment "at the same time" or is "already subject to an undischarged term of imprisonment" at the time of sentencing. 18 U.S.C. § 3584(a) (stating that prison terms in these circumstances "may run consecutively or concurrently"). The statute provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." *Id.* The Supreme Court has concluded that, given the "discretion traditionally committed to" judges at sentencing, district courts may preemptively decide

whether a federal sentence and an "anticipate[d]" state sentence should run consecutively or concurrently to one another. *Setser v. United States*, 566 U.S. 231, 236–37 (2012).

Here, the district court did not state that Dowdell's federal sentence was to run concurrently with an anticipated state sentence. The BOP considered the district court's silence on the matter to require that Dowdell's federal sentence be consecutive to his state sentence. Consequently, after Dowdell's state court sentencing in February 2019, the BOP prepared a sentence computation in which Dowdell's 200-month federal sentence commenced upon expiration of his 15-year state sentence. Dowdell argues that his counsel's failure to ask the district court at his October 2018 sentencing to order that his federal sentence run concurrently with his anticipated state sentence resulted in a significant increase in the period of imprisonment he faces, nearly doubling it. Doc. 1 at 4. Events transpiring after Dowdell filed his § 2255 motion have rendered this issue moot.

In July 2020, approximately 10 months after he filed his § 2255 motion, Dowdell filed what this Court construed as a petition for writ habeas corpus under 28 U.S.C. § 2241. *See* Case No. 2:20-cv-475-RAH-CSC [Doc. 1]. In that habeas petition, Dowdell argued he was being subjected to "double time" because the BOP had determined his federal sentence did not run concurrently with his state sentence. *Id.* Dowdell's argument was premised on essentially the same facts underlying his claim in his § 2255 motion regarding the BOP's determination that his federal sentence was to commence only upon expiration of his state sentence. *Id.*

In light of Dowdell's claims in his habeas petition, the BOP contacted the district court to obtain its position on whether Dowdell's federal sentence should operate

6

concurrently with his state sentence. Crim. Doc. 89 at 3–4. The BOP indicated it was authorized under 18 U.S.C. § 3621(b)[4] to order that a prisoner serve a federal sentence in a state prison and that, if the district court advised the BOP that Dowdell's federal and state sentences should run concurrently, the BOP could designate the state prison as the place of imprisonment for Dowdell's federal sentence—effectively making the two sentences concurrent. Crim. Doc. 89 at 3.

On November 12, 2000, the district court entered an order responding to the BOP. Crim. Doc. 89 at 1–2. In its order, the district court stated that, had Dowdell made a request at the time of sentencing, the court would have ordered his federal sentence to run concurrently with his anticipated state sentence. *Id*. at 2. Accordingly, the district court told the BOP it did not oppose the BOP's designating a state prison as the place of imprisonment for Dowdell's federal sentence and had no objection to the BOP's *nunc pro tunc* designation, which would effectively make Dowdell's federal and state sentences run concurrently. *Id*.

Because the district court stated it was not opposed to such an arrangement, the BOP (1) designated the state prison as the place of imprisonment for Dowdell's federal sentence; (2) prepared a new sentence computation in which Dowdell's federal sentence runs concurrently with his state sentence (commencing with its imposition in October 2018, not from the expiration of his 15-year state sentence); and (3) awarded Dowdell 723 days of

---

[4] Section 3621(b) pertains to the BOP's discretionary authority to carry out the sentence imposed by the district court and governs the location the BOP should designate as the place of imprisonment. *See* 18 U.S.C. § 3621(b).

7

jail credit against his federal sentence.[5] *See* Case No. 2:20-cv-475-RAH-CSC [Doc. 20-1 at 2–11].

A claim of ineffective assistance of counsel is evaluated against the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 689. Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000). Unless a petitioner satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland,* 466 U.S. at 687. Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

Here, because of the BOP's *nunc pro tunc* designation of the state prison as the place of imprisonment for Dowdell's federal sentence, Dowdell is serving his federal sentence concurrently with his state sentence, no differently than he would have been had the district court expressly stated at his October 2018 sentencing that his federal sentence was to run concurrently with his then-anticipated state sentence. In addition, the BOP has awarded Dowdell the full amount of jail credit he would be entitled to if his sentences were calculated as running concurrently from the outset. In light of the BOP's actions in this

---

[5] BOP policy provides that if a *nunc pro tunc* designation is granted, the BOP must conduct a thorough review of the jail credit provided to the prisoner, including "*Willis/Kayfez* review." *See Willis v. United States*, 438 F.2d 923 (5th Cir. 1971); *Kayfez v. Gasele*, 993 F.2d 1288. 1289–90 (7th Cir. 1993). The BOP awarded Dowdell jail credit for time from October 18, 2016, through October 10, 2018. *See* Case No. 2:20-cv-475-RAH-CSC [Doc. 20-1 at 4].

regard, there is no basis upon which Dowdell could obtain additional relief on his claim of ineffective assistance of counsel. The period of Dowdell's actual imprisonment has not been increased because of his counsel's failure to ask the district court at sentencing to order that his federal sentence run concurrently with his anticipated state sentence. Consequently, Dowdell fails to make the showing of prejudice needed to sustain a claim of ineffective assistance of counsel, and this claim entitles him to no relief.

### B. Commerce Clause Authority to Regulate Intrastate Activity

Dowdell claims that Congress exceeded its Commerce Clause authority by regulating his intrastate production and possession of child pornography and that federal jurisdiction was therefore improper in his case. Doc. 1 at 5–8.

Dowdell's claim is procedurally defaulted because he failed to raise it in the district court or on direct appeal. Where a substantive claim is not advanced in the trial court or on appeal, it is procedurally barred in a § 2255 proceeding. *See McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011). A defendant can overcome this procedural bar by establishing either (1) cause for the default and actual prejudice from the alleged error;[6] or (2) actual innocence of the crimes for which he was convicted.[7] *Howard v. United States,* 374 F.3d 1068, 1072 (11th Cir. 2004). Dowdell, however, neither offers any cause to

---

[6] Cause for a procedural default must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded efforts to raise the claim. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *United States v. Frady*, 456 U.S. 152, 170 (1982). To establish prejudice, a petitioner must show that the errors worked to his "actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." *Murray*, 477 U.S. at 494 (internal quotations and emphasis omitted).

[7] Prisoners asserting actual innocence as a gateway to review of defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). [T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006).

excuse his procedural default nor asserts his actual innocence. Therefore, his claim is procedurally barred.

Even if this claim was not procedurally barred, it would entitle Dowdell to no relief. In *United States v. Smith* (*Smith II*), 459 F.3d 1276 (11th Cir. 2006), the Eleventh Circuit held that Congress could criminalize the purely intrastate production and possession of child pornography under the Commerce Clause because the failure to regulate that class of activity would, in the aggregate, undermine Congress's regulation of the interstate child pornography market. 459 F.3d at 1282–85. Accordingly, federal jurisdiction was proper in Dowdell's case, and Dowdell's claim is without merit.

### C. Knowledge of Interstate-Commerce Nexus

Dowdell claims there was no proof of his knowledge of the interstate-commerce nexus of his conduct, which he says was a jurisdictional element of the offenses for which he was convicted. Doc. 1 at 6, 8.

This claim, too, is procedurally defaulted because Dowdell failed to raise it in the district court or on direct appeal. *McKay*, 657 F.3d at 1196. Dowdell neither offers cause to excuse his procedural default nor asserts his actual innocence. Thus, the claim is procedurally barred.

Even if this claim was not procedurally barred, it would entitle Dowdell to no relief. "[T]he existence of the fact that confers federal jurisdiction need not be one in the mind of the actor at the time he perpetrates the act made criminal by the federal statute." *United States v. Feola*, 420 U.S. 671, 677 n.9 (1975). In *Smith II*, 459 F3d 1276, the Eleventh Circuit held that a defendant's knowledge of the interstate-commerce nexus of his conduct

10

is not a jurisdictional element of the offenses of production and possession of child pornography. *Id*. at 1287–89. Because Dowdell produced and possessed child pornography using materials that, in fact, traveled in interstate commerce, the interstate-commerce nexus was satisfied in his case.

Count 4 of the indictment, charging production of child pornography, alleged that Dowdell

> did [and attempted to] employ, use, persuade, induce, entice, and coerce . . . any minor, to wit: Minor Victim 4, a minor male, to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, using materials that were mailed shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.
>
>    All in violation of Title 18 United States Code, Section 2251(a) and (e).

Doc. 8-1 at 3–4.

> Count 28, charging possession of child pornography, alleged that Dowdell
>
> did knowingly possess material which contains images of child pornography, that is, visual depictions of actual minors engaging in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(A), that involved a prepubescent minor or a minor who had not yet attained 12 years of age. The child pornography files that the defendant knowingly possessed had been shipped and transported in and affecting interstate and foreign commerce using a means and facility of interstate and foreign commerce—namely, a computer connected to the Internet.
>
>    All in violation of Title 18, United States Code, Section 2252A(a)(5)(B).

Doc. 8-1 at 13–14.

The factual basis presented during Dowdell's change of plea hearing, and matters set out in his plea agreement, established that (1) the camera Dowdell used to produce

images of child pornography was purchased by Dowdell on eBay and was then shipped to him, and (2) Dowdell received the images of child pornography he possessed via a computer connected to the internet. Doc. 8-3 at 14–17; Doc. 8-2 at 9–11. This satisfied the interstate-commerce nexus for his offenses. It was unnecessary that the government prove he knew of the interstate-commerce nexus. *See, e.g., Smith II*, 459 F.3rd 1276 (defendant's use of production equipment that was manufactured in another state or overseas was sufficient to establish a justiciable interstate-commerce nexus); *Cobb v. United States*, Nos. 7:09-CR-0486-LSC-TMP, 7:13-CV-8024-LSC-TMP, 2014 WL 6893085, at *1, *6 (N.D. Ala. Dec. 5, 2014) ("The law has not changed with respect to the federal or interstate nexus for child-pornography offenses. Not only did movant's computer move in interstate commerce, the internet itself, through which he downloaded the images, is a clear 'channel of commerce' that is subject to congressional regulation.").

### D. Camera and Federal Jurisdiction

Dowdell claims that the camera he used to produce images of child pornography did not give federal jurisdiction for the charges against him. Doc. 1 at 7. This claim is procedurally defaulted because Dowdell failed to raise it in the district court or on direct appeal. *McKay*, 657 F.3d at 1196. Dowdell neither offers cause to excuse his procedural default nor asserts his actual innocence. Thus, the claim is procedurally barred.

Even if this claim was not procedurally barred, it would entitle Dowdell to no relief. A claim similar to Dowdell's was rejected by the Eleventh Circuit in *United States v. Parton*, 749 F.3d 1329 (11th Cir. 2014). The defendant in *Parton* was charged under 18 U.S.C. § 2251 with producing child pornography "using cellular telephones, digital video

cameras, computers, and other materials that had been shipped, and transported in and affecting interstate and foreign commerce." *Id.* at 1329. In upholding the defendant's conviction, the Eleventh Circuit rejected the defendant's argument that the interstate-commerce nexus was too tenuous to support a federal prosecution when the sole interstate-commerce nexus asserted by the government was that the electronic device the defendant used to make the child pornography traveled in interstate commerce. *Id*. The appellate court, citing the Supreme Court's holding in *Gonzales v. Raich*, 545 U.S. 1, 17 (2005), noted that Congress has the power, as part of a comprehensive regulation of economic activity, to regulate purely local activities that are part of an economic "class of activities" with a substantial effect on interstate commerce. 749 F.3d at 1331.

Because Dowdell produced images of child pornography using a camera that traveled in interstate commerce, federal jurisdiction was proper, and he is entitled to no relief on this claim.

### E. Right to Possess Obscene Materials

Dowdell says he has a First Amendment right to possess obscene materials in the privacy of his home. Doc. 1 at 7, 8. This claim is procedurally defaulted because Dowdell failed to raise it in the district court or on direct appeal. *McKay*, 657 F.3d at 1196. He offers no grounds as cause to excuse his procedural default, and he does not assert his actual innocence. Thus, his claim is procedurally barred.

Even if this claim was not procedurally barred, it provides Dowdell no basis for relief. Dowdell possessed child pornography. "[T]here is no First Amendment right to possess child pornography (wholly intrastate or otherwise)." *Smith II*, 459 F.3d at 1289.

Because Dowdell possessed child pornography, and he had no First Amendment to do so, his claim here entitles him to no relief.

### F. Double Jeopardy

Dowdell contends that his federal convictions for production and possession of child pornography violated the constitutional prohibition against double jeopardy where he was also convicted of related state offenses. Doc. 1 at 10.

This claim, too, is procedurally defaulted because Dowdell failed to raise it in the district court or on direct appeal. *McKay*, 657 F.3d at 1196. He neither offers cause to excuse his procedural default nor asserts his actual innocence. The claim is therefore procedurally barred.

Even if this claim was not procedurally barred, it provides Dowdell no basis for relief. The Supreme Court has determined that prosecution in federal and state court for the same conduct does not violate the Double Jeopardy Clause, because the state and federal governments are separate sovereigns. *Abbate v. United States*, 359 U.S. 187, 195 (1959). *See United States v. Bidwell*, 393 F.3d 1206, 1209 (11th Cir. 2004) ("The Double Jeopardy Clause does not prevent different sovereigns (i.e., a state government and the federal government) from punishing a defendant for the same criminal conduct.").

Consequently, prosecution of Dowdell in federal and state court for the same criminal conduct did not violate the prohibition against double jeopardy, and Dowdell's claim entitles him to no relief.

## IV. CONCLUSION

The undersigned Magistrate Judge RECOMMENDS that Dowdell's § 2255 motion be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

Further, it is ORDERED that the parties may file any objections to this Recommendation by **June 8, 2022.** A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the magistrate judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the district court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the district court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 25th day of May, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE